IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENNIS BRUCE,

       Plaintiff,

v.

HOMEWARD RESIDENTIAL, INC.
F/K/A AMERICAN HOME
MORTGAGE SERVICING, INC.,

       Defendant.

CIVIL ACTION FILE

NO. 1:14-CV-3325-MHC-AJB

## ORDER

Plaintiff's Amended Complaint alleging claims against Defendant for misapplication of payments and negative credit reporting [Doc. 7] ("Am. Compl.") is before the Court on the Non-Final Report and Recommendation ("R&R") of Magistrate Judge Alan J. Baverman [Doc. 17] recommending that Defendant's motion to dismiss [Doc. 9] be granted in part and denied in part.

The Order for Service of the R&R [Doc. 18] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order.  Plaintiff has filed

no objections to the R&R; Defendant timely filed its objections on August 19, 2015 [Doc. 19] ("Def.'s Objs.").

## I.   STANDARD OF REVIEW

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the

2

Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of

those portions of the R&R to which Plaintiff objects and has reviewed the

remainder of the R&R for plain error.  See United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983).

## II.     THE MAGISTRATE JUDGE'S RECOMMENDATIONS

Plaintiff's Amended Complaint contains the following five counts:

Count I:  Breach of contract

Count II:  Negligence

Count II:  Defamation of Character and Defamation of Credit

Count IV:  Violations of the Fair Credit Reporting Act ("FCRA")

Count V:  Attorney's Fees

The Magistrate Judge recommends that Defendant's Motion to Dismiss be granted

with respect to the following:  (1) Plaintiff's breach of contract claim under Count

I with prejudice (R&R at 34-40); (2) With respect to Count II, any negligence

action pertaining to Defendant's conduct in falsely reporting information to credit

reporting agencies (R&R at 31-33); (3) Plaintiff's Count III defamation claims in

their entirety, as being preempted by the FCRA (R&R at 33-34); and (4) With

respect to Count IV, any claims that arise from the alleged reporting by Defendant

of inaccurate information to credit bureaus around June through July, 2012, as

barred by the statute of limitations (R&R at 17-19). No objections have been filed concerning those dismissal recommendations.

The Magistrate Judge recommends that Defendant's Motion to Dismiss be denied with respect to the following: (1) With respect to Count II, any negligence claim relating to misapplication of payments in connection with his loan (R&R at 40-44); (2) With respect to Count IV, any claims that arise from the alleged reporting by Defendant of inaccurate information to credit bureaus around January, 2013 (R&R at 19-20); and (3) Count V, since there is at least one state law claim for attorney's fees that is not preempted by the FCRA (R&R at 34). Although Defendant generally asserts that the Magistrate Judge erred by failing to dismiss all these claims, Defendant's specific objections are limited to the Magistrate Judge's recommendation as to Count II, the negligence claim. Def.'s Objs. at 4-9. This Court will consider those objections *seriatim*.

## III. **DEFENDANT'S OBJECTIONS**

### A.   Plaintiff Alleges That Defendant Improperly Applied Payments to Principal Before Interest in Violation of O.C.G.A. § 7-4-17.

Defendant contends that the Magistrate Judge erred by concluding that the Amended Complaint states a claim because Plaintiff "does not allege that Defendant applied Plaintiff's payments to principal before interest" or "charged

interest on interest" in violation of O.C.G.A. § 7-4-17.  Def.'s Objs. at 6.  That

statute provides, in pertinent part, as follows:

> When a payment is made upon any debt, it shall be applied first to the
> discharge of any interest due at the time, and the balance, if any, shall
> be applied to the reduction of the principal. If the payment does not
> extinguish the interest then due, no interest shall be calculated on such
> balance of interest and interest shall be calculated only on the
> principal amount up to the time of the next payment.

O.C.G.A. § 7-4-17 contains two requirements.  First, a payment made by a

debtor must first be applied to discharging interest rather than reducing principal.

Second, if there is interest remaining after payment, no additional interest can be

calculated on the balance of interest still due.  The Amended Complaint

specifically alleges that Defendant failed to properly apply payments to interest

instead of principal and that Defendant breached the duty to properly apply those

payments in violation of O.C.G.A. § 7-4-17.  Am. Compl. ¶¶ 49-50.  More

specifically, Plaintiff alleges that: (1) he made two mortgage payments of $873.00

for April and May, 2013; (2) Defendant may have misapplied at least the April

2013 payment to another account; (3) as a result of Defendant's misapplication of

payments, he was charged late fees and other miscellaneous fees.  Id. ¶¶ 7-8, 10,

35-36.  This asserts enough facts to put Defendant on notice of the allegations

concerning the failure to apply payments to the discharge of interest as required by

O.C.G.A. § 7-4-17.  Compare Hand v. ABN AMRO Mortg. Corp., No. CV112-

176, 2013 WL 6383128, at *12 (S.D. Ga. Dec. 5, 2013) (failure to state claim

under O.C.G.A. § 7-4-17 when the plaintiff "fail[ed] to even reference the statute"

and made "no allegations . . . that clearly or adequately explain how Defendants'

application of payments was inconsistent with the statute.").[1]  Consequently,

Defendant's objection that the Amended Complaint fails to properly allege a

violation of O.C.G.A. § 7-4-17 is **OVERRULED**.

    B.    <u>Defendant's Argument That O.C.G.A. § 7-4-19 Bars a Private Right of Action Was Not Raised Before the Magistrate Judge.</u>

Defendant next objects to the R&R by contending that O.C.G.A. § 7-4-17

does not create a private right of action.  Def.'s Objs. at 7.  In support of this

contention, Defendant cites O.C.G.A. § 7-4-19, which authorizes the Department

of Banking and Finance or the Industrial Loan Commissioner to bring a civil action

to enforce any provision of the chapter relating to interest and usury.  <u>Id.</u> at 7-8.

---

[1] Defendant's reliance on <u>Rose v. Household Fin. Corp. II</u>, 316 Ga. App. 282 (2012), for the proposition that the only authorized cause of action under O.C.G.A. § 7-4-17 is for being charged "interest-on-interest for an unsecured debt" is not accurate. Def.'s Obj. at 6. <u>Rose</u> involved a challenge concerning the second requirement of O.C.G.A. § 7-4-17, but does not preclude a cause of action alleging a violation of the first requirement of that statute. <u>See</u> <u>Hand</u>, 2013 WL 6383128, at *12.

Defendant never raised this argument in either its initial or reply briefs in support of its motion to dismiss before the Magistrate Judge.  See Def.'s Br. in Supp. of Mot. to Dismiss [Doc. 9-1] at 17-19; Def.'s Reply Br. [Doc. 15] at 12-23.

This Court has the discretion to decline to consider arguments that were not raised before the Magistrate Judge.  Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  "Indeed, a contrary rule 'would effectively nullify the magistrate judge's consideration of the matter and would not help relieve the workload of the district court.'"  Id. (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)).  Consequently, this Court declines to consider Defendant's objection, the substance of which was not raised before the Magistrate Judge.[2]

Defendant's objection is therefore **OVERRULED**.

---

[2]  Even if this Court were to consider the new argument, it would be rejected. There is no authority that suggests that a cause of action under O.C.G.A. § 7-4-17 is restricted to one of the two state agencies enumerated therein; as a matter of fact, the case law indicates otherwise.  See Hand, 2013 WL 6383128, at *12; Rose, 316 Ga. App. at 282.  Moreover, the specific language of O.C.G.A. § 7-4-19 provides that either the Department of Banking and Finance or the Industrial Loan Commissioner "*may* bring an appropriate civil action to enforce any provisions of this chapter," which does not indicate an intent of the General Assembly to bar private actions.  The later language in the statute that discusses which of the two agencies "shall" being actions either pertaining to industrial loans or other aspects of the statute is a direction as to the division of responsibilities between the agencies, not a limitation as to a private right of action.

C.   Defendant's Argument that the Georgia Statute of Limitations For a Negligence Action Bars Plaintiff's O.C.G.A. § 7-4-17 Claim Was Not Raised Before the Magistrate Judge.

Finally, Defendant asserts that Plaintiff's negligence claim is barred by the two-year statute of limitations contained in O.C.G.A. § 9-3-33 was never raised before the Magistrate Judge.[3] As stated above, this Court declines to exercise its discretion to consider Defendant's objection, the substance of which was not raised before the Magistrate Judge. Defendant's Objection is **OVERRULED**.

## IV.   **CONCLUSION**

Based on the foregoing, Defendant's objections to the R&R [Doc. 19] are **OVERRULED**. Accordingly, the Court **APPROVES AND ADOPTS** the Report and Recommendation [Doc. 17] as the opinion and order of this Court. Defendant's Motion to Dismiss [Doc. 9] is **GRANTED IN PART and DENIED IN PART**. Defendant's Motion to Dismiss Counts I and III of the First Amended Complaint in their entirety is **GRANTED**, as well as Defendant's Motion to Dismiss Count II, pertaining to the false reporting of information to credit agencies, and Count IV, pertaining to claims arising from information reported to

---

[3] In its Motion to Dismiss, Defendant raised a statute of limitations defense only with respect to Plaintiff's claim under the Fair Credit Reporting Act and his defamation claim. Def.'s Br. in Supp. of Mot. to Dismiss at 10, 20; Def.'s Reply Br. at 4.

credit bureaus from June to July 2012.  Defendant's Motion to Dismiss the

following Counts is **DENIED**:  Count II, pertaining to misapplication of payments

in connection with Plaintiff's loan; Count IV, pertaining to alleged reporting of

inaccurate information to credit bureaus beginning January 2013, and Count V.

The Clerk is **DIRECTED** to re-submit this case to the Magistrate Judge for

further proceedings.

**IT IS SO ORDERED** this 31st day of August, 2015.

MARK H. COHEN
United States District Judge